**Dated: July 1, 2020**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JONATHAN AUBREY BUSH, | ) | Case No. 11-16966-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE AND EXTEND TIME TO FILE DEBTOR EDUCATION CERTIFICATES WITH BRIEF IN SUPPORT, NOTICE AND OPPORTUNITY FOR HEARING [DOC. 8]

Before the Court is Debtor's Motion to Reopen Bankruptcy Case and Extend Time to File Debtor Education Certificates with Brief in Support, Notice and Opportunity for Hearing [Doc. 8] filed by debtor, Jonathan Aubrey Bush ("Debtor") on June 13, 2020. Debtor filed his bankruptcy petition on December 30, 2011. On April 19, 2012, Debtor's case was closed without discharge because Debtor failed to file his financial management course certificate (the "Certificate"). Debtor now, over eight years later, asks this Court to reopen his case and extend the time for filing his Certificate. For the reasons below Debtor's request to reopen is granted; however, his request to extend time is denied.

Under 11 U.S.C. § 350(b), a case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." Reopening a closed bankruptcy case is a ministerial act that does not grant any substantive relief and should be liberally granted. In re MacIntyre, 2019 WL 1035683, at *3 (10th Cir. BAP 2019). Accordingly, decisions to reopen should be made under a mechanical approach without consideration of equitable principles. Watson v. Parker (In re Parker), 313 F.3d 1267 (10th Cir. 2002). A court may, however, refuse to reopen a case if doing so would be futile, in other words, "if it is clear at the outset that reopening the case could not afford the movant any relief." MacIntyre, 2019 WL 1035683, at *5. Here, reopening the case would not be futile as the Court has the authority to grant Debtor's request for an extension of time to file the Certificate. Debtor's case will, therefore, be reopened "to accord relief to the debtor" under Section 350(b).

Requests to extend time to file a Certificate require a higher showing – a showing Debtor did not satisfy. The Court may grant an extension to file the Certificate at any time and in the Court's discretion "on motion for cause shown." Fed. R. Bankr. P. 1007(c). In determining whether cause exists to extend time, courts consider four factors: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." In re Barrett, 569 B.R. 687, 690 (Bankr. E.D. Mich. 2017); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); In re McKinney, 590 B.R. 165, 173 (Bankr. D.D.C. 2018); In re Heinbuch, 2016 WL 1417913, at *3 (Bankr. N.D. Ohio 2016); In re Johnson, 500 B.R. 594, 597 (Bankr. D. Minn. 2013). The Motion addresses none of these factors.

Without the benefit of Debtor's argument, each factor weighs in favor of denying an extension. First, the Motion is silent as to the reason for the delay so the Court can only assume there is none. Second, Debtor's Motion comes a staggering eight years after his case was closed. Third, prior to filing the Motion, Debtor was not represented in this case. He, thus, bears the full responsibility for failing to submit a Certificate. Last, the creditors are prejudiced. "Generally speaking, the longer the delay, the greater the prejudice." Barrett, 569 B.R. at 692. It is inconceivable that a delay of over eight years would not prejudice the creditors in this case: "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." Barrett, 569 B.R. at 692 (citing In re Chrisman, 2016 WL 4447251, at *3 (Bankr. N.D. Ohio 2016)) (denying a motion to reopen and extend time for filing a financial management certificate after an eight year delay). Debtor's silence on the reasons for his delay and the analysis of the remaining factors compel this Court to deny an extension of time to file the Certificate.

Therefore, Debtor's request to reopen is hereby GRANTED. Debtor's request to extend time to file his financial management course certificate is hereby DENIED without prejudice to refiling a motion to extend time to file a financial management course certificate that addresses the factors laid out above.

IT IS SO ORDERED.

# # #